```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ASEM ELDAGHAR,                      :

                Plaintiff,          :   02 Civ. 9151 (KMW)
                                        OPINION AND ORDER
        -against-                   :

THE CITY OF NEW YORK DEPARTMENT     :
OF CITYWIDE ADMINISTRATIVE
SERVICES,                           :

                Defendant.          :
-----------------------------------X
```

WOOD, U.S.D.J.:

On November 15, 2002, Asem Eldaghar ("Plaintiff") brought suit against the City of New York Department of Citywide Administrative Services ("Defendant") asserting the following claims: (1) discrimination based on national origin, in violation of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., and based on age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq.; (2) retaliation in violation of Title VII and the ADEA; and (3) hostile work environment in violation of Title VII and the ADEA.

On November 7, 2008, after conducting a bench trial, Visiting Judge Samuel Conti[1] issued a Memorandum of Decision (the

---

[1] Immediately before trial, this matter was transferred from the undersigned to Visiting Judge Samuel Conti of the Northern District of California. After trial before Judge Conti, the case was transferred back to the undersigned.

1

"Order"), familiarity with which is assumed, dismissing all of Plaintiff's claims with prejudice. Judge Conti entered judgment for Defendant.

Plaintiff has appealed the Order to the United States Court of Appeals in the Second Circuit. He is proceeding in <u>forma pauperis</u> on appeal.[2]

Plaintiff seeks to include in the appellate record a copy of the transcript of the trial proceedings. Plaintiff states that he cannot afford to pay for a copy of the trial transcript. He moves the Court pursuant to 28 U.S.C. § 753(f) to direct the Clerk of the Southern District of New York to provide him with a free copy of the trial transcript. For the following reasons, the Court grants Plaintiff's motion.

## I.  Legal Standard

Under 28 U.S.C. § 753(f) ("Section 753(f)"), "[f]ees for transcripts furnished in [non-habeas civil] proceedings to persons permitted to appeal in forma pauperis shall [] be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

Courts have defined a substantial question for the purposes of Section § 753(f), as a question that is "reasonably debatable

---

[2] On December 24, 2008, Judge Barbara Jones granted Defendant's request to proceed in forma pauperis on appeal.

when judged on an objective basis."  Harlem River Consumers Coop., Inc. v. Associated Grocers of Harlem, Inc., 71 F.R.D. 93, 97 (S.D.N.Y. 1976); Philippeaux v. North Cent. Bronx Hosp., 1996 U.S. Dist. LEXIS 4444 (S.D.N.Y. Apr. 9, 1996).

When considering whether to furnish an appellant in forma pauperis with a free copy of a trial transcript, courts also take into account whether a transcript is necessary to the appeal, and the cost to the Court of providing the requested transcript.  See McCarthy v. Bronson, 906 F.2d 835, 841 (2d Cir. 1990) (finding that the district court judge did not err when he denied the request for a free copy of transcripts because the resolution of the appeal did not require examination of the evidence presented at the hearing in question); Harlem River Consumers Coop., 71 F.R.D. at 98 (finding that the plaintiff had not adequately established that the Court should pay the large sum of $25,000 to furnish the plaintiff with transcripts from a lengthy trial).

**II. Analysis**

The Court concludes that Plaintiff's appeal raises an issue that is reasonably debatable when judged on an objective basis, and is, therefore, a substantial question of law under Section 753(f).

Plaintiff argues that he testified at trial that one of his supervisors yelled at him: "Don't you people understand? How many times should I explain to you?" (hereinafter "you people"

comment). Plaintiff contends that this statement supports his claim of national origin discrimination.

Judge Conti's Order mentioned that Defendant made "two stray remarks" in reference to Plaintiff's national origin, but the Order did not specifically mention the content of these remarks. (Order, at 27.) The Order deemed the "two stray remarks" to be entirely "innocuous" and unconnected to Plaintiff's termination. (Id.)

Plaintiff's submission can reasonably be construed to argue that Judge Conti erred when he characterized the "you people" comment as one of the two "stray remarks" that were "entirely innocuous" and unconnected to Plaintiff's termination. Plaintiff contends that had Judge Conti fully considered the implications of this comment rather than dismissing it without an explanation, Judge Conti would have entered judgment for Plaintiff, and not Defendant.[3] On this ground, Plaintiff seeks to appeal Judge Conti's Order.

The Court deems Plaintiff's argument to raise a substantial question under Section 753(f). The Court concludes that (1) Plaintiff needs a copy of the trial transcript to make his

---

[3] If Plaintiff incorrectly assumes that the Order was referring to the "you people" comment when it discussed the "stray remarks" and the Order was in fact referring to different comments, Plaintiff's argument remains salient because in either scenario the Order did not fully address the significance of the comment.

argument on appeal, and (2) the cost of furnishing Plaintiff with copies of the transcript is not burdensome to the Court given that the trial was only three days.

### III. Conclusion

For the foregoing reasons, the Court directs the Clerk of the Court to provide Plaintiff with a copy of the trial transcript by July 2, 2009. The transcript will be provided to Plaintiff free of charge pursuant to Section 753(f).

SO ORDERED

Dated:   New York, New York
         June 17, 2009

                                          /s/ Kimba M. Wood
                                          Kimba M. Wood
                                          United States District Judge