UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASEM ELDAGHAR,                                    :
                      Plaintiff,        :          02 Civ. 9151 (KMW)
                                          :
        -against-                           :          <u>ORDER</u>
                                          :
THE CITY OF NEW YORK DEPARTMENT      :
OF CITYWIDE ADMINISTRATIVE               :
SERVICES,                                              :
                                          :
                    Defendant.        :
------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

## I.  Introduction

Plaintiff Asem Eldaghar ("Plaintiff") brought this action against Defendant City of New York Department of Citywide Administrative Services ("DCAS") for (1) discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) retaliation in violation of Title VII and the ADEA; and (3) hostile work environment in violation of Title VII and the ADEA.  This Court granted in part and denied in part DCAS's motion for summary judgment on all of Plaintiff's claims.  (Docket Entry ("DE") No. 56.)  Following a three-day bench trial before Judge Samuel Conti in October 2008, Judge Conti found that DCAS was entitled to judgment on all remaining claims.  (DE No. 79.)  Plaintiff appealed the decision.  On November 13, 2009, Plaintiff's appeal was dismissed. On January 21, 2010, Plaintiff's motion for reconsideration of the order dismissing the appeal was also denied.

As the prevailing party, DCAS moved pursuant to Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1920 and 1921 for an order granting it fees and costs.  DCAS seeks costs with respect to six depositions taken by the parties.  The testimony from these depositions

was used in the parties' briefing on DCAS's motion for summary judgment and in preparation for trial.  On March 12, 2010, the Clerk of the Court issued a Bill of Costs in favor of DCAS in the amount of $5,876.90.  On April 2, 2010, Plaintiff, appearing pro se, appealed the imposition of costs on the grounds that: (1) it will cause a significant financial hardship for Plaintiff; (2) Plaintiff's case was meritorious; (3) DCAS failed to prove the necessity of costs; and (4) the litigation was complex and difficult.

Based on the equitable factors of this case, including the economic hardship to Plaintiff and the circumstances of this litigation, Plaintiff's motion is granted.  No costs are awarded to DCAS.

## II.  Law and Analysis

A.  Rule 54(d) of the Federal Rules of Civil Procedure

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part as follows:

> Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. . . .  The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).

An award of costs to a prevailing party may include deposition expenses when such expenses were "necessarily incurred" for use in the litigation of the case.  See Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001); see also S.D.N.Y. & E.D.N.Y. Local Civ. R. 54.1(c)(2).[1]

---

[1] There is no dispute that the depositions at issue were necessary to the adjudication of Plaintiff's claims.  Plaintiff argues that the costs for transcription of these depositions were not necessary because based on his offer to transcribe the testimony himself for the parties' use.  The Court notes that counsel for DCAS properly insisted on the use of stenographers at the depositions.

Although costs are generally awarded to a prevailing party as a matter of course in the absence of a countervailing statute or rule, the district court has the authority to review, adjust, or deny an award of costs.  This decision "is committed to the sound discretion of the district court."  Cosgrove v. Sears, Roebuck, & Co., 191 F.3d 98, 102 (2d Cir. 1999) (quoting ARP Films, Inc. v. Marvel Entertainment Group, Inc., 952 F.2d 643, 651 (2d Cir. 1991)); see also In re Air Crash Disaster at John F. Kennedy Int'l Airport, 687 F.2d 626, 629 (2d Cir. 1982) (finding that taxation of costs is left to the discretion of the district court, and may be overturned on appeal only where there is an abuse of discretion).  An award of costs may be denied based on the misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, and other equitable considerations that are applicable in a particular case.  See Whitfield, 241 F.3d at 270.  Among the equitable considerations that may be weighed by the Court are a plaintiff's indigence or financial hardship and a plaintiff's good faith in bringing the action.  See Figueroa v. City of New York, No. 00 Civ. 7559, 2005 U.S. Dist. LEXIS 6490, at *2-3 (S.D.N.Y. Apr. 14, 2005); Brodie v. Pressley, No. 95 Civ. 1197, 1999 U.S. Dist. LEXIS 13768, at *1 (S.D.N.Y. Sept. 7, 1999); Bekiaris v. United States, No. 96 Civ. 302, 1998 U.S. Dist. LEXIS 16574, at *1 (S.D.N.Y. Oct. 20, 1998).

B.  Timeliness of Plaintiff's Motion

The Clerk of the Court issued its Bill of Costs in favor of DCAS on March 12, 2010.  Plaintiff was served with a copy of the Judgment Clerk's Bill of Costs on March 16, 2010.  Pursuant to Rule 54(d)(1), Plaintiff's motion for this Court to review the Judgment Clerk's action should have been submitted within seven days, or no later than March 23, 2010.  Plaintiff's submitted the instant "Motion for Court Review of Clerk's Decision on Defendant Bill of Costs" on April 2, 2010.  DCAS contends that Plaintiff's motion is untimely and should be rejected on

3

this procedural ground.  The Court rejects DCAS's argument and considers the merits of Plaintiff's motion.

The Court has discretionary authority to consider a late-filed motion for good cause.  See Fed. R. Civ. P. 6(b); see also Cosgrove v. Sears, Roebuck, & Co., 191 F.3d 98, 101 (2d Cir. 1999).  Based on the record in this case, there exists good cause for the Court to consider Plaintiff's motion.  On March 9, 2010, Plaintiff, pro se, filed "Objections to Defendant Bill of Costs."  This submission, addressed to the Court, was docketed on March 12, 2010, the same date that the Judgment Clerk imposed costs in favor of DCAS.  Plaintiff's substantive objections in the March 12 filing essentially mirror the content of Plaintiff's formal April 2 motion.  The Court therefore deems Plaintiff's motion timely and considers the merits of Plaintiff's challenge of the Judgment Clerk's taxation of costs.  See Ortiz v. Cornetta, 867 F.2d 146, 148 (recognizing that a pro se litigant is generally held to less stringent standards than those governing lawyers).

C.  Financial Hardship

A Title VII plaintiff's lack of financial resources may be a proper ground for denying costs, particularly where there is a wide disparity of resources between the parties.  See Garrido v. City of Glen Cove, No. 05 Civ. 5397, 2010 U.S. Dist. LEXIS 17709, at *4-5 (E.D.N.Y. Mar. 1, 2010); Culp v. Zaccagnino, No. 96 Civ. 3280, 2000 U.S. Dist. LEXIS 548, at *5-6 (S.D.N.Y. Jan. 18, 2000); but cf. Dejesus v. Starr Tech. Risks Agency, Inc., No. 03 Civ. 1298, 2005 U.S. Dist. LEXIS 7152, at *6 (S.D.N.Y. Apr. 22, 2005) ("[A]lthough a district court may deny costs based on financial hardship, indigency per se does not preclude an award of costs against an unsuccessful litigant").

The record in this case sufficiently establishes Plaintiff's indigency and the financial hardship he would suffer if the Court were to impose the costs sought by DCAS.  In Plaintiff's

request to proceed in <u>forma pauperis</u> for his appeal, dated December 9, 2008, Plaintiff provided

sworn statements that he was unemployed, his sole source of income was unemployment

benefits, he had less than $1,000 in personal bank accounts, and he had incurred several thousand

dollars of debt.  Plaintiff contends that the imposition of costs would cause significant hardship

with respect to his present financial status and obligations.  He offers financial records that

demonstrate a modest income over the past year coming solely from unemployment

compensation benefits.

The Court finds that the prospective financial hardship to Plaintiff weighs against

imposing costs in favor of DCAS.

D.  <u>Plaintiff's Good Faith During Litigation</u>

The Court next considers Plaintiff's good faith in bringing and litigating this action.

Although good faith does not by itself require a district court to deny costs, <u>Whitfield</u>, 241 F.3d

at 273, it remains among the equitable factors that a court may consider.  <u>See</u> <u>Moore v. County</u>

<u>of Delaware</u>, 586 F.3d 219, 222 (2d Cir. 2009); <u>Figueroa</u>, 2005 U.S. Dist. LEXIS 6490, at *2-3.

The Court finds that Plaintiff has demonstrated good faith in bringing his claims and

throughout this litigation.  Plaintiff successfully defended against DCAS's motion for summary

judgment as to a number of his claims.  A bench trial was necessary for the Court to determine

the merit of Plaintiff's claims that (1) DCAS discriminated against him based on his age and

national origin and (2) wrongly retaliated against him based on his allegations of discrimination.

Following trial, the Court found that, although his claims were dismissed, the evidence in

support of his claim of discrimination based on national origin raised a substantial question of

law at trial and on appeal.  (<u>See</u> Op. & Order at 2-4, June 18, 2009, DE 88.)  Plaintiff has also

made efforts to limit costs for both parties in litigating his claims.  Although counsel for DCAS

properly insisted on utilizing a paid stenographer to provide an official transcript of the depositions taken during discovery, Plaintiff's efforts to limit such costs support a finding that he has litigated in good faith. These facts weigh against imposing costs in favor of DCAS.

**III. Conclusion**

Plaintiff has demonstrated that he possesses limited financial resources, that imposition of costs sought by DCAS would cause Plaintiff significant hardship, and that he pursued his claims of government misconduct in good faith. Accordingly, the Court exercises its discretion to deny an award of costs to DCAS. Moore, 586 F.3d at 222. Plaintiff's motion is granted. No costs shall be awarded to DCAS.

SO ORDERED.

Dated: New York, New York
        May 4, 2010

Kimba M. Wood
United States District Judge